IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK FINNEGAN<br>**Petitioner,**<br>v.<br>JAMIE SORBER, et al.<br>**Respondents.** | CIVIL ACTION NO. 20-5238 |

## ORDER

**AND NOW,** this 15th day of March 2024, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and the related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Carol Sandra Moore Wells to which no objections were raised, and all of the filings in this case, it is hereby **ORDERED** that:

1. The R&R [Doc. No. 17] is **APPROVED** and **ADOPTED** as set forth herein;[1] and

2. The Petition will be dismissed by separate Order.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

[1] On October 19, 2020, Petitioner filed a *pro se* petition under 28 U.S.C. § 2254 challenging his 2016 state convictions for abuse of a corpse, retail theft, receiving stolen property, driving while operating privileges are suspended or revoked, driving without a license, and being a habitual offender. The R&R correctly concluded that Petitioner failed to exhaust his claims that his sentences for retail theft and being a habitual offender were grossly disproportionate, that the trial court erred by sentencing him without a pre-sentence investigation report ("PSR"), and that the fines imposed on him were excessive. Petitioner did not raise those arguments on direct appeal or in his petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), and they cannot be raised now. R&R at 7–8. Likewise, the R&R is correct that Petitioner's ineffective assistance of counsel claims are without merit. The state courts rejected his arguments that his trial and appellate counsel were ineffective for: (a) allowing Petitioner to be sentenced without a PSR or mental health evaluation ("MHE"); (b) failing to raise those issues on appeal; and (c) allowing Petitioner to plead guilty despite purported differences between the plea and previously agreed-upon terms. *Id.* at 12–13. A state court's denial of relief precludes federal habeas relief unless the adjudication violated clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Findings of fact made by the state courts are presumed to be correct unless rebutted by clear and convincing evidence. *Id.* § 2254(e)(1). The R&R correctly found reasonable the Superior Court's conclusions that trial counsel was not ineffective, given that Petitioner waived the PSI and MHE in his written plea agreement and oral colloquy. R&R at 12–13. Nor was appellate counsel ineffective for failing to raise meritless arguments. *Id.* at 12 n.8. Finally, the R&R correctly found reasonable the Superior Court's conclusion that Petitioner fully understood the terms of his plea, therefore counsel did not render ineffective assistance by allowing Petitioner to enter it. *Id.* at 13.